IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-166-1-BR
No. 7:16-CV-210-BR

| | |
|---|---|
| LYNDON DUNHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 128.)

In 2013, petitioner pled guilty to one count of interference with commerce by robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act robbery") and one count of using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 924(c). The court sentenced petitioner to a total term of 125 months imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed, (DE # 118).

In 2016, with the assistance of court-appointed counsel, petitioner filed this § 2255 motion. Petitioner claims that Hobbs Act robbery is not a "crime of violence" under the "residual clause" of § 924(c)(3)(B), and therefore, his § 924(c) conviction, which was predicated on a Hobbs Act robbery, must be vacated.[1] (Mot., DE # 128, at 4.)

On the government's unopposed motion, the court placed this proceeding in abeyance pending the decisions in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and

---

[1] After petitioner filed this § 2255 motion, he filed *pro se* another § 2255 motion, asserting a claim duplicative of the one counsel filed on his behalf. (See Mot., DE # 137, at 4.)

United States v. Walker, 934 F.3d 375 (4th Cir. 2019). (DE # 136.) After those decisions issued, the court directed the parties to file supplemental briefs regarding the § 2255 motion. (8/27/19 Text Order.)

In its supplemental brief, the government argues Hobbs Act robbery is a "crime of violence" under the "force clause" of § 924(c)(3)(A), and petitioner's § 2255 motion should be dismissed. (DE # 143, at 2-3.) Petitioner maintains that Hobbs Act robbery is not a crime of violence under either clause of § 924(c)(3) and requests that the court vacate his § 924(c) conviction. (See Resp., DE # 146.)

A "crime of violence" for purposes of § 924(c) is defined as

an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court recently held that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). However, "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]," United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted), and petitioner recognizes as much, (see Resp., DE # 146, at 3). Therefore, because Hobbs Act robbery, which served as the predicate offense for petitioner' s § 924(c) conviction, remains a crime of violence, petitioner is not entitled to relief under § 2255.

The § 2255 motions are DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is

DENIED.

This 30 September 2019.

_____
W. Earl Britt
Senior U.S. District Judge